COMMONWEALTH *vs.* MARY BURK.

A married woman cannot be punished for a sale of intoxicating liquors, either as principal, or as agent of her husband, if he is near enough for her to be under his influence and control, even if he is not in the same room with her.

INDICTMENT for unlawfully selling intoxicating liquors in violation of *St.* 1855, *c.* 215, §§ 15, 17. At the trial in the court of common pleas in Plymouth, before *Bishop*, J., there was evidence tending to show that the defendant was a married woman and that at the time of the sales, which were in a dwelling-house, her husband was either within or just outside of the house.

The defendant requested the judge to instruct the jury " that if they found that the husband was near enough for the wife to act under his immediate influence and control, though not in the same room, the wife was not liable for such sale." But the judge instructed the jury " that if the husband was actually present at the time of the sale, the wife would be presumed to act under his coercion, and could not be found guilty ; and that if the wife sold the liquor as the agent and by authority of her husband, and as such received the money, the jury would be authorized in finding her guilty." The defendant, being convicted, alleged exceptions.

*P. Simmons,* for the defendant.

*S. H. Phillips,* (Attorney General,) for the Commonwealth, cited *Rex* v. *Morris,* Russ. & Ry. 270; *Rex* v. *Hughes,* 2 Lewin, 229; *Commonwealth* v. *Murphy,* 2 Gray, 513; *Sts.* 1855, *c.* 215, § 17; *c.* 304, § 3.

THOMAS, J. 1. The instruction prayed for by the defendant should, we think, have been given. If the wife acts in the

absence of the husband, there is no presumption that she acts under his coercion. *Commonwealth* v. *Murphy*, 2 Gray, 511. But if the husband " was near enough for the wife to act under his immediate influence and control, though not in the same room," he was not absent, within the meaning of the law.

2. The wife, acting in the presence of the husband, and under his immediate influence and control, is not an agent within the meaning of the *St.* of 1855, *c.* 215, § 15. The law regards her as not in the exercise of her own discretion and will, and there- fore as incapable of committing an offence. How far the usages of society, or the new relations of husband and wife, may have qualified or reversed the presumption of the common law, is for the legislature, not the court, to consider.

*Exceptions sustained.*